CHASEZ, Judge.
Plaintiff Otis Lang brings this action against defendant Dixie Building Materials Co. Inc. and its insurer, Globe Indemnity Company, for personal injuries plaintiff received while changing a tire on one of Dixie’s trucks. After trial on the merits judgment was rendered in favor of defendants, dismissing the suit, and plaintiff has taken this appeal.
Lang was employed by Alvin C. Huber d/b/a Huber Tire Company for 12 years as a service station attendant. As part of his duties Lang often engaged in changing and repairing automobile and truck tires. Huber had a working arrangement with the defendant Dixie, whereby Huber’s concern would fix all flat tires on Dixie’s fleet of heavy trucks. Additionally Huber would replace all defective tires and rims with new ones and bill Dixie for this new equipment. Huber testified that he made little if any profit in fixing the flats themselves, but made his money by selling the tires and rim assemblies.
One of the plaintiff’s specific duties for Huber was to service the Dixie truck fleet. He testified that whenever Dixie had a flat tire he would go out to that truck wherever it was then located in the city and fix the tire. Additionally each Saturday morning it was plaintiff’s responsibility to go over to the Dixie premises and change, replace or fix any of the tires on the Dixie trucks which needed service. On Saturday, August 21, 1965, plaintiff was on the Dixie premises and had just repaired a flat tire and was in the act of replacing it on the truck wheel when the lock-ring device on the tire rim apparently became loose from the rim and was forced back into his face with tremendous pressure, causing plaintiff to suffer horrible facial and head injuries.
*571 The trial judge in his reasons for judgment in awarding judgment in favor of defendants stated:
“The Court concludes that the record fails to establish any actionable negligence, or breach of care or duty on the part of defendant, Dixie Building Materials Co., Inc. It should be noted that the Court was not impressed with the expert testimony-of Mr. George Pappas in that it was too vague and general, lacked sufficient foundation, and resulted in speculative conclusions.
“For the foregoing reasons, the Court has rendered judgment in favor of defendants, Dixie Building Materials Company, Inc., and Globe Indemnity Company and against plaintiff, Otis Lang, dismissing plaintiff’s suit at his cost.”
We agree with these conclusions and can find no error in his judgment.
Plaintiff, appellant before us, contends that the trial judge was in error in refusing to consider as expert testimony the statements made by George Pappas, a chemical engineer, who appeared for the plaintiff. The gist of Pappas’ statements was that the tire rim was in a defective condition because of corrosion and wear, and it was this defective condition which caused it to malfunction and resulted in plaintiff’s injury.
We must point out, however, that assuming arguendo Pappas was qualified as an expert and should have been allowed to testify as such, and assuming further that plaintiff was able to successfully prove it was the defective condition of the tire rim which caused it to come apart as it did, rather than any improper procedure on plaintiff’s part in attempting to fix it, plaintiff still could not recover on the facts as established.
There is no showing that defendant was in any way aware of the defective condition in the tire rim.' It was the plaintiff himself, on his own admission who had the responsibility of checking these tires and rims and reporting any defective condition therein. In fact plaintiff had the authority simply to advise his boss, Huber, that Dixie needed a new tire rim, and a new tire rim would be furnished and billed to the defendant with no questions asked. Under these circumstances, if there was any negligence involved in allowing this defective condition to exist in the tire rim assembly, this negligence must be chargeable to the plaintiff himself in not properly performing his duties of inspection.
Simply stated we can find no breach of duty owed by the defendant Dixie to the plaintiff. Any negligence which might have been involved was necessarily chargeable to the plaintiff himself, barring his recovery.
For these reasons the judgment of the trial court is affirmed.
Affirmed.